UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

07 NOV -5 AM 10: 14

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Armando RAMOS-Herrera,** Defendant | Magistrate Docket No. '07 MJ 2589<br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the United States |

The undersigned complainant, being duly sworn, states:

On or about **November 2, 2007** within the Southern District of California, defendant, **Armando RAMOS-Herrera,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 5th DAY OF **NOVEMBER, 2007**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Armando RAMIRES-Herrera

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and [illegible]:

[illegible] 10:40 P.M. Supervisory Border Patrol Agent D. Reid was working supervisory duties in an area [illegible] "56 drow". The "56 drow" is approximately 2 miles west of the San Ysidro, California Port of Entry and approximately [illegible] of the U.S./Mexico International Boundary fence. This area is commonly used by illegal aliens to further their entry into the [illegible] [illegible] Operator notified Agent Reid via agency radio that he saw [illegible] Agent Reid responded to the area and found [illegible]

[illegible]

[illegible]

[illegible]

__________________
[illegible]
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on November 2, 2007 in violation of Title 8, United States Code, Section 1326.

__________________ 11-4-07 @ 9:30 am
[illegible] Date/Time
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
**Armando RAMOS-Herrera**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On November 2, 2007, at approximately 10:40 P.M. Supervisory Border Patrol Agent D. Reid was working supervisory duties in an area known as the "56 draw". The "56 draw" is approximately 2 miles west of the San Ysidro, California Port of Entry and approximately 200 yards north of the U.S./Mexico International Boundary Fence. This area is commonly used by illegal aliens to further their entry into the United States. A National Guard Infrared Scope Operator notified Agent Reid via agency radio that he saw two individuals moving north from the International Boundary Fence. Agent Reid responded to the area and found two individuals attempting to conceal themselves in some dense brush. As Agent Reid approached the two individuals they began to run. Agent Reid was able to quickly apprehend one of the individuals, but the second, later identified as the defendant **Armando RAMOS-Herrera**, continued to run. Agent Reid secured the first individual and then followed the defendant. When he attempted a second time to apprehend him, the defendant became actively resistant. At that time Agent Reid used several techniques in an attempt to subdue the defendant and was eventually able to effect the arrest. Agent Reid identified himself as a U.S. Border Patrol Agent and questioned the defendant as to his citizenship and nationality. The defendant stated that he was a citizen and national of Mexico not in possession of any immigration documents that would allow him to enter, pass-through, or remain in the United States legally. The defendant and the other individual were transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **November 30, 2004** through **El Paso, Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. The defendant stated that he had not applied for permission to re-enter the United States following his deportation.

**Executed on November 4, 2007 at 9:00 A.M.**

Raul Castorena
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of **1** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **November 2, 2007** in violation of Title **8**, United States Code, Section **1326**.

Peter C. Lewis
United States Magistrate Judge

Date/Time